UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATHERINE BRYANT by an through her parents
and natural guardians, April Bryant and Wayne
Bryant, APRIL BRYANT individually, and
WAYNE BRYANT individually,

                                                                                              **CV 09-1751 (AKT)**

           - against -

THOMAS H. MILHORAT, M.D., PAOLO A.
BOLOGNESE, M.D., MISAO NISHIKAWA, M.D.,
NORTH SHORE – LONG ISLAND JEWISH
HEALTH SYSTEM, INC., THE CHIARI
INSTITUTE and HARVEY CUSHING
INSTITUTES OF NEUROSCIENCE,

                            Defendants.
------------------------------------------------------------------X


------------------------------------------------------------------X
SHARON SMITH and THOMAS S. SMITH

                                                                                          **CV 09-2506 (DRH) (AKT)**

                            Plaintiffs,
           - against -

THOMAS H. MILHORAT, M.D., PAOLO A.
BOLOGNESE, M.D., MISAO NISHIKAWA, M.D.,
L. THIERRY REMY, M.D., JOHN XI CHEN, M.D.,
NORTH SHORE – LONG ISLAND JEWISH
HEALTH SYSTEM, INC., THE CHIARI
INSTITUTE, an unincorporated entity of North Shore
University Hospital, and HARVEY CUSHING
INSTITUTES OF NEUROSCIENCE, an
unincorporated entity of North Shore University
Hospital,

                            Defendants.
------------------------------------------------------------------X

```
-----------------------------------------------------------------X
KATELYN VERCHER, by and through her parents
and natural guardians, Leann Vercer and Richard
Vercher, LEANN VERCHER individually, and
RICHARD VERCHER, individually.


                        Plaintiffs,                    CV 09-1836 (ETB)
         - against -

THOMAS H. MILHORAT, M.D., PAOLO A.
BOLOGNESE, M.D., MISAO NISHIKAWA, M.D.,
NORTH SHORE – LONG ISLAND JEWISH
HEALTH SYSTEM, INC., THE CHIARI
INSTITUTE and HARVEY CUSHING
INSTITUTES OF NEUROSCIENCE,

                        Defendants.
-----------------------------------------------------------------X
```

## ORDER

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      Before the Court is Defendants' motion for a protective order, filed in the *Bryant*, *Smith*, and *Vercher* cases, seeking relief with respect to nine subpoenas served on several out of state universities (the "Universities"). The subpoenas seek information related to Defendants' expert epidemiologist Lawrence S. Mayer, M.D., M.S., Ph.D. DE 252. Defendants argue that the information sought is irrelevant and that the subpoenas are harassing. Defendants also argue that the subpoenas are burdensome, although no response or request for relief has been filed by any of

the Universities in this District.[1]  Plaintiffs oppose the motion and argue, *inter alia*, that the documents sought are relevant impeachment material.  DE 253.   The subpoenas were issued out of the District of Arizona, the District of Maryland, the Southern District of Ohio, the Northern District of California, the Eastern District of Pennsylvania, the District of New Jersey, and the Western District of Virginia.  The parties do not state whether Defendants have moved to quash the subpoenas in any of these districts.  Defendants' motion is DENIED for the reasons stated below.

      Initially, the Court notes that the Eastern District of New York is not the proper venue for resolving this dispute.  Federal Rule of Civil Procedure 45(c)(3) dictates that the court which issued a subpoena should rule on motions to quash or modify the subpoena.  Defendants recognize that this Court does not have authority to rule on motions to quash the subpoenas and, therefore, have styled their motion as a motion for a protective order.  *See* DE 252 at 1.  Courts which have addressed the issue of whether a district court where an action is pending can effectively quash a subpoena through the mechanism of a protective order have reached different results.  Some courts have held that although only the issuing court may rule on a Rule 45 motion to quash, a party may seek the same relief through a motion for a protective order in the court where the action is pending.  *See, e.g., IO Group, Inc. v. Does 1-19*, No. 10-CV-3851, 2010 WL 5071605, at *2 (N.D. Cal. Dec. 7, 2010); *Morrison v. YTB Int'l, Inc.*, No. 08-CV-565, 2010 WL 17252579, at *3 (S.D. Ill. April 30, 2010); *Straily v. UBS Fin. Servs., Inc.*, No. 07-CV-884, 2008 WL 5378148, at *2 (D. Colo. Dec. 23, 2008); *Wells v. GC Servs. Ltd. P'ship*, No. 06-CV-3511,

---

[1]    It is not clear whether the Universities have been served with a copy of Defendants' motion.

2007 WL 1068222, at *1 (N.D. Cal. April 10, 2007); *Gorman v. Polar Electro, Inc.*, 124 F. Supp. 2d 148, 149 (E.D.N.Y. 2000); *Devlin v. Transp. Commc'ns Int'l Union*, No. 95-CV-742, 2000 WL 249286, at *1 (S.D.N.Y. March 6, 2000). Other courts have held that a motion for a protective order is unavailable in such circumstances since such an order would defeat the purpose of Rule 45's requirement that the motion be brought in the court that issued the subpoena. *See Multiquip, Inc. v. Water Mgmt. Sys. LLC*, No. 08-CV-403, 2009 WL 5322946, at *1 n.1 (D. Idaho Dec. 29, 2009); *Chic-fil-A v. ExxonMobil Corp.*, No. 08-CV-61422, 2009 WL 2242392, at *1 n.2 (S.D. Fla. July 24, 2009).

This Court agrees with the latter approach, at least in the circumstances presented here. The language in Rule 45 directing the issuing court to decide motions to quash would be superfluous if the requirement could be avoided simply by changing the name of the motion. Moreover, the facts of this case are distinguishable from the cases where courts have allowed motions for protective orders directed at out-of-district subpoenas. In many of those cases, the moving party was attempting to protect a privilege held by the party or a legitimate privacy interest. *IO Group*, 2010 WL 5071605, at *2 (defendant sought to protect privacy interests); *Morrison*, (attorney-client privilege); *Gorman*, 124 F. Supp. 2d at 149 (plaintiff asserted that transcripts at issue were confidential); *Straily*, 2008 WL 5378148, at *2 (plaintiff seeking protective order regarding her bank account information). In *Devlin*, the subpoenaed individual and the subpoenaed company (through a party) sought the protective order. Thus the Court was aware of the positions of the parties who were affected by the order.[2] As discussed below, in this

---

[2] *Devlin* is also distinguishable because the issuing court had previously determined that it would be most efficient for the trial court to rule on the propriety of the subpoenas.

case, Defendants do not have standing to object to the subpoenas served on the Universities and the Universities have not made their position known in any way.

The Court also notes that when Plaintiffs previously had an issue with a subpoena issued by the Central District of California, they filed a motion to compel in that Court. *See* DE 243. There is no reason why Defendants should not follow this same course here.

As a general rule, a party lacks standing to move to quash or modify a subpoena directed to a non-party. *See ADL, LLC v. Tirakian*, No. CV 06-5076, 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007); *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166, 2006 WL 2882580, at *13 (E.D.N.Y. Oct. 6, 2006). There is an exception to this general rule where the party moving to quash the subpoena is seeking to protect a personal privilege or right. *See Malmberg v. U.S.*, No. 06-CV-1042, 2010 WL 1186573, at *1-2 (N.D.N.Y. March 24, 2010); *Allocco Recycling, Ltd. v. Doherty*, 220 F.R.D. 407, 410-11 (S.D.N.Y. 2004). The same standards apply where a party challenges a non-party subpoena through a motion for a protective order as opposed to a motion to quash. *See Malmberg*, 2010 WL 1186573, at *1; *Heller v. City of New York*, No. 06-CV-2842, 2008 WL 2965474, at *4 (E.D.N.Y. April 11, 2008); *In re Application of FB Foods, Inc.*, No. M8-85, 2005 WL 2875366, at *1 (S.D.N.Y. Nov. 2, 2005). Defendants do not claim any personal right or privilege with respect to the documents sought and therefore lack standing to challenge the subpoenas issued to the Universities.

This issue is somewhat complicated by the fact that some of the concerns Defendants raise pertain to Dr. Mayer's privacy interests. Unlike Defendants, Dr. Mayer may have standing to object to the subpoenas since they seek documents concerning his education and work history. Dr. Mayer, however, has not asserted any objections here and it is unclear whether Defendants

5

represent him for purposes of these subpoenas. Defendants' statement that Plaintiffs are "essentially forcing Dr. Mayer to retain outside counsel" in each of the seven jurisdictions where the subpoenas are served suggests to the Court that counsel for Defendants does not represent Dr. Mayer on this issue. *See* DE 252 at 2. If Dr. Mayer wishes to assert an objection to the subpoenas, the proper course would be for him to file a motion to quash (or for the respective Universities to do so on his behalf). *See Spencer v. Gen. Motors Corp.*, No. 06-CV-1197, 2007 WL 3171504 (S.D. Ind. Oct. 25, 2007) (granting expert witness's motion for a protective order and denying the defendant's motion for a protective order addressing the same issue as moot).

The Court notes that should Dr. Mayer choose to seek relief, the proper forum to do so in these circumstances would be the districts from which the subpoenas are issued. *See Gen. Elec. Co. v. Prince*, No. 06-CV-50, 2007 WL 686344, at *1 (S.D.N.Y. March. 5, 2007) (holding that district that issued subpoena to a university seeking expert impeachment material should rule on objections based on privilege or confidentiality concerns).

**SO ORDERED.**

Dated: Central Islip, New York
       May 15, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge